UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARNULFO FAUSTINO-ANAYA,<br><br>        Petitioner,<br><br> v.<br><br>STATE OF WASHINGTON,<br><br>        Respondent. | NO: 4:23-CV-5117-TOR<br><br>ORDER DISMISSING PETITION WITHOUT PREJUDICE, ETC. |

Petitioner, a *pro se* prisoner at the Coyote Ridge Corrections Center, seeks a Writ of Habeas Corpus, *in forma pauperis* status, and a Stay and Abeyance order, along with other relief. ECF Nos. 1 through 6, and 8.

### SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Cases provides for the summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Here, it is abundantly clear that Petitioner is not entitled to federal habeas relief at this time.

ORDER DISMISSING PETITION WITHOUT PREJUDICE, ETC. ~ 1

## WRIT OF HABEAS CORPUS

Petitioner challenges his convictions for two counts of Rape of a Child in the Second Degree. Petitioner admits that he has not exhausted his state court remedies and therefore asks for an order of stay and abeyance.

According to 28 U.S.C. § 2254(b)(1)(A) "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—[ ] the applicant has exhausted the remedies available in the courts of the State". *See also Rose v. Lundy*, 455 U.S. 509 (1982) and *Rhines v. Weber*, 544 U.S. 269 (2005). Here, Petitioner has not exhausted his state court remedies and there is no justifiable reason to stay this case and hold it in abeyance.

## IMPROPER RESPONDENT

Petitioner did not name a proper party as Respondent to this action. A petitioner for habeas corpus relief must name the state officer having custody of him as the respondent to the petition. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994). This person is typically the warden of the facility in which the petitioner is incarcerated. *See also Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992).

Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. *Id.*; *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED without prejudice.**

2. Petitioner's Application to Proceed *In Forma Pauperis*, ECF No. 2, is **DENIED as moot.**

3. Petitioner's Motion: Designation of Records, ECF No. 3, is **DENIED as moot.**

4. Petitioner's Motion Stay and Abeyance, ECF No. 4, is **DENIED**.

5. Petitioner's Motion Show Cause, ECF No. 6, is **DENIED as moot**.

6. Petitioner's Motion Clerk Action, ECF No. 8, is **DENIED as moot**.

7. The Court further certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The Clerk of Court shall enter this Order, enter judgment, provide copies to Petitioner, and **CLOSE** the file.

DATED August 28, 2023.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING PETITION WITHOUT PREJUDICE, ETC. ~ 3